UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR,

        Petitioner,

v.

DONALD R HOLBROOK, *et al.*,

        Respondents.

CASE NO. 2:20-cv-01786-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  October 7, 2022

    Petitioner is a Washington prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition by petitioner that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).

REPORT AND RECOMMENDATION - 1

1    As a preliminary matter, the Court observes that although this case was opened as a federal habeas petition under 28 U.S.C. § 2241, petitioner does not raise claims within the scope of § 2241. Nor could he. Petitioner is in custody pursuant to a state court judgment and the only habeas remedy available to a state prisoner is that afforded by 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

Construing the petition as proceeding under § 2254, the Court concludes that the Court's March 13, 1997 Bar Order applies and—because petitioner did not pay the filing fee when he filed his petition—the Court recommends that the Clerk be directed to administratively close this matter and to strike any pending motions as moot. Moreover, petitioner may not proceed with a second or successive habeas petition here unless and until the Ninth Circuit authorizes its filing. *See* 28 U.S.C. § 2244(b)(3)(A).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the petitioner shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 7, 2022, as noted in the caption.

Dated this 22nd day of September, 2022.

J. Richard Creatura
Chief United States Magistrate Judge